Vesuvius Crucible Company v. Commissioner.
Vesuvius Crucible Co. v. Commissioner
Docket No. 3236-62.
United States Tax Court
T.C. Memo 1965-144; 1965 Tax Ct. Memo LEXIS 187; 24 T.C.M. (CCH) 750; T.C.M. (RIA) 65144; May 25, 1965
Charles C. Arensberg, for the petitioner. Lawrence L. Wilson, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency in the income tax of petitioner for the year 1957 in the amount of $9,360. The sole issue for decision is whether petitioner is entitled to deduct from income for the year 1957 payments totaling $18,000 which it made during the year to the widow of Alan Arensberg, its deceased president. Findings of Fact Some of the facts were stipulated by the parties. Their stipulation, together with attached exhibits, is incorporated herein by this reference. Vesuvius Crucible Company (hereinafter referred to as petitioner) is a Pennsylvania corporation having its principal place of business in Pittsburgh, Pennsylvania. Its Federal corporation *188 income tax return for the year 1957 was filed with the district director of internal revenue at Pittsburgh. Petitioner was organized in 1916 by F. L. Arensberg and A. J. Jackman to manufacture graphite crucibles, stoppers, and graphite refractories for the steel and metal industries. From its inception until January 1956 F. L. Arensberg was president and A. J. Jackman was secretary of petitioner; both were members of the board of directors. Alan Arensberg, the only son of F. L. Arensberg, became associated with petitioner in September of 1936. Over the next succeeding 20 years he rose through the executive ranks of petitioner first to the position of assistant secretary and then to the position of treasurer. His salary increased from $1,320 in 1936 to $12,000 in 1943, $16,500 in 1950, and $20,250 in 1951. His duties, in general, were to act as assistant to the president, to call upon customers, and to handle labor relations. At the annual meeting of petitioner's board of directors held January 24, 1956, Alan Arensberg was elected president of petitioner, and F. L. Arensberg was elevated to chairmanship of the board. Immediately following the election of officers F. L. Arensberg *189 offered a resolution that salary payments be continued to any widows who survive any of the principals [viz., the officers] of the company * * * and the same was thereupon adopted. On March 23, 1956, Alan Arensberg died at the age of 42 of cancer of the pancreas. He left surviving him his wife, Jane T. Arensberg, and two children. Following his death petitioner's board of directors convened in a special meeting on March 28, 1956. After electing A. J. Jackman to fill the vacant presidency, the board adopted the following resolution: The directors unanimously resolve that in recognition of the services rendered to this Company for many years by Alan Arensberg, its late President, and in conformity with the policy of this corporation to make reasonable provision for the surviving dependents of its deceased officers and employees, although it is under no obligation to do so, this Board of Directors does hereby authorize the Directors and shareholders of this corporation to pay monthly to Jane T. Arensberg, the widow of Alan Arensberg, a sum equal to his 1955 salary per month, such monthly payment to continue for a period of two years from April 1, 1956. The secretary was instructed *190 to advise Mrs. Arensberg of such action and the amount of payment per year. As of the date of this resolution petitioner's only "policy" with respect to payments to widows was that contained in the resolution of the board dated January 24, 1956. This resolution was limited to officers of the corporation and neither it nor the resolution of March 28, 1956, was intended to be known by employees other than officers. During the taxable year 1957 petitioner paid to Jane T. Arensberg (now Jane T. Meyer) the sum of $1,500 per month, or a total for the year of $18,000. These payments were made although petitioner was under no legal obligation to do so. They were neither intended as additional compensation for past services rendered by Alan Arensberg nor as compensation for services performed or to be performed by Jane T. Arensberg. On its Federal corporation income tax return for the year 1957 petitioner deducted the $18,000 which it had paid to Jane T. Arensberg as a business expense under the heading "Widow's benefits." In his notice of deficiency respondent disallowed this deduction on the ground that the same did not constitute an allowable deduction. Opinion The sole question *191 for decision is whether a payment by a corporation to the wodow of a deceased officer constitutes a deductible expense of the corporation. The answer depends upon whether the payment involved qualifies as an ordinary and necessary expense of the corporate business within the purview of section 162 of the Internal Revenue Code of 1954. It is now accepted as basic that an expense may be ordinary, though unique to the taxpayer, if it is common to the business community of which he is a part. Welch v. Helvering, 290 U.S. 111 (1933). In view of the multitude of cases involving payments to widows of corporate executives, it would be erroneous to presume that payments of the kind here involved are not common to the business community of which petitioner is a part. Consequently, the inquiry devolves into whether the payment under scrutiny was "necessary" within the judicially accepted meaning of that term. With a simplicity that is sometimes deceptive, the term necessary has been defined merely as appropriate and helpful. Welch v. Helvering, supra.Beyond this, we have said that while necessary does not mean indispensable, taxpayers seeking *192 the benefit of a deduction under section 162 must show affirmatively not only that there are business ends to be served, but also that there is an intention to serve those business ends, by means of the questioned expenditure. This the taxpayer may do by demonstrating clearly that the payment was intended to result in the inurement of a business benefit. Interstate Drop Forge Co. v. Commissioner, 326 F. 2d 743 (C.A. 7, 1964), affirming a Memorandum Opinion of this Court. Petitioner maintains that its position at the beginning of 1956 as a closely held corporation with no stock available to outsiders required it to adopt a policy of making payments to widows of deceased officers in order to attract and hold replacements for its then aging executives. Petitioner's position is that the 1957 payment to Jane T. Arensberg was but the first instance of applying such a policy. However, a mere showing that a aprticular payment falls within a newly formulated corporate policy does not conclusively establish that such payment was motivated by a desire to achieve a business benefit. E. R. Wagner Mfg. Co. v. United States, 235 F. Supp. 969 (D.C. Wis., 1964) [65-1 U.S.T.C. par. 9177, 14 A.F.T.R. 2d 6114]. *193 As we have pointed out in our findings, the "policy" of petitioner to make widow payments was limited in its applicability to principals of the company and, when formulated, was known only to then existing officers who, it is admitted, needed neither incentive nor moral encouragement to remain with petitioner. The evidence further establishes that petitioner's board of directors neither intended to publicize the policy nor to commit petitioner in any way to the making of future widow payments. Under the circumstances we are not convinced that the payment to Jane T. Arensberg could have served the business objective of attracting and holding future executives. On balance, it is our view that the making of the instant payment was motivated principally by a keen sense of personal loss and a professional esteem for Alan Arensberg, rather than by the more commercial desire to influence potential future officers. Accordingly, we hold that the payment was not a deductible business expense. Decision will be entered for the respondent.